# CHARLESTON.

## B. H. BLAGG v. GILBERT VAN SICKLE et als.

Submitted February 14, 1922.   Decided February 21, 1922.

1. FRAUDS, STATUTE OF—*One Admitting Contract for Sale of Real Estate Must Plead Statute.*

   Where one, who seeks to avoid the effect of a contract for the sale of real estate, admits by his pleading that such contract was made, he cannot have the benefit of the Statute of Frauds, unless he pleads and relies upon the same. (p. 356).

2. SAME—*Executed Written Contract of Sale, Held for Future Delivery, or Delivered in Escrow, Held to Save Bar of Statute.*

   A contract in writing for the sale or transfer of real estate, or an interest in real estate, executed by the grantor, and held by him for future delivery, or delivered *in escrow*, is a sufficient memorandum in writing to save the same from the bar of the Statute of Frauds.    (p. 356).

Appeal from Circuit Court, Mason County.

Action by B. H. Blagg, as administrator of the estate of Zachariah Van Sickle, deceased, against Gibert Van Sickle and others, in which the court decreed a conveyance to Robert Young and wife of a part of the  real  estate  but denied them relief as to the remainder, and they appeal.

*Reversed and decree for appellants.*

*Wiley & Poling,* for appellants.

RITZ, JUDGE:

This suit was instituted by the administrator of Zachariah Van Sickle for the purpose of converting his real estate into assets for the payment of debts.   It resulted in cross pleadings between the heirs-at-law of Van Sickle and the defendants Robert Young and wife, by which the former sought to cancel a contract made by Zachariah Van Sickle in his lifetime for the transfer of his real estate to

the latter, and by which the latter attempted to have said contract specifically executed, and the real estate conveyed to them. The court below decreed the conveyance to Young and his wife of a part of the real estate, but denied them relief as to the remainder, and they prosecute this appeal.

The plaintiff alleged in his bill that he had been duly appointed administrator of the estate of Zachariah Van Sickle; that said estate was largely indebted, and that there was not sufficient personal property with which to discharge such indebtedness; that Van Sickle died seized of a tract of about 31 acres of land situate in Mason county which he asked to have sold in order that assets might be provided for the payment of the debts. It was averred in the bill that the defendant Robert Young was making some claim to the land, for which reason he was made a defendant. The other defendants to the bill are the heirs-at-law of Zachariah Van Sickle. These heirs-at-law filed an answer to the bill in which they admit that the plaintiff was the duly qualified administrator of their ancestor's estate. They deny, however, that he was greatly indebted, and also deny that the personal property was insufficient to pay the debths, but assert that the same was not only sufficient, but was very largely in excess of any debts which their ancestor owed. After making this answer to the bill they made certain allegations against the defendants Robert M. Young and his wife, Lizzie Young, upon which they ask affirmative relief. They averred that Zachariah Van Sickle was possessed of 31 acres of land at the time of his death, but that during his lifetime the Youngs had procured a paper writing from him purporting to be a deed by which he conveyed to them about 21 acres of this land; that said paper writing has been duly recorded in the office of the clerk of the county court of Mason county, but they deny that the same is sufficient as a deed to convey the legal title. They further aver that in adddition to this contract in writing the Youngs claim to have another contract with their deceased ancestor by which they are holding the balance of the tract of land, as well as claiming the personal property of which he

died seized.  They allege that the Youngs contend that in consideration of their moving into the house with Zachariah Van Sickle sometime before his death, and taking care of him and providing for him, he agreed to convey to them at that time the 21 acres of land referred to in the paper writing, and at his death to give them the remainder of the land and all his personal property.  The cross bill answer of the heirs-at-law 'avers that such contract was procured by undue influence upon the part of the Youngs, and further that the consideration which the Youngs agreed to give entirely failed; that they never took care of and provided for Zachariah Van Sickle as provided in the contract, for which reason it should be cancelled; and prays that the said contract in writing be cancelled and set aside, and that the other contract relied upon by the Youngs be declared to be void for the reasons aforesaid, and the Youngs precluded from setting up any claim whatever to the remainder of the land or to the personal property.

The Youngs answered the bill in this case, as well as the cross bill answer above referred to.  They deny that the estate was indebted in any amount of money except funeral expenses, and that ample personal property went into the hands of the administrator to pay these funeral expenses. They deny the allegation in the cross bill of the heirs-at-law above referred to that they procured the contract by undue influence or fraud, and they assert emphatically that they fully carried out and performed all of the conditions upon their part to be performed, except that they were to pay the funeral expenses of Zachariah Van Sickle, but had not yet done so, owing to the fact that the administrator had seized the personal property which prevented them from securing funds to complete the payment of the same.  They assert that the paper writing referred to in the cross bill, if not sufficient as a deed, is good as an executory contract, and ask that the same be specifically enforced, and that their contract with Zachariah Van Sickle, by which he agreed to give them all of his property at his death, in consideration of their taking care of him, be likewise specifi--

cally enforced, and the title to the real estate conveyed to them, and all of the personal property turned over to them.

Upon the issue thus made the court referred the cause to a commissioner for the purpose of taking an account instead of first determining the rights of the parties under the pleadings. Considerable evidence was taken. No effort was made upon the part of the heirs-at-law of Zachariah Van Sickle to prove that any undue influence upon the part of the Youngs was exercised over their ancestor, and a very feeble effort was made to prove that the consideration for the contract set up and relied upon by the Youngs had failed. It is shown that Zachariah Van Sickle, at the time the Youngs were taking care of him, made some complaint on a few occasions as to the quantity and quality of food furnished him. The evidence, however, taken as a whole, satisfactorily shows that the Youngs in good faith carried out their part of the contract. It appears that at the time this contract was made Van Sickle was a man advanced in years, and was afflicted with cancerous growths upon his face, as well as with a disease of the kidneys. His wife had died sometime before, and he lived on the little tract of land owned by him in a one-room log house to which there was a lean-to board kitchen. He endeavored to get some of his nephews to come and live with him and take care of him, and at least one of these nephews testifies very clearly and emphatically that just before the Youngs moved there Van Sickle endeavored to get him to come and live with him, and proposed that if he would do so he would then convey to him 21 acres of the land, and make a contract providing that at his death he should have the other 9 acres, as well as all of his personal property; that he did not want to put all of his property out of his possession before he died. This nephew declined this offer. The old man then approached the Youngs it seems upon the suggestion of this nephew. They were at that time living upon the land of and working for a neighboring farmer. As a result of his negotiations with Youngs they moved into the house on the old man's land, and resided there with him and took care of him until the time of his death. Just before they moved in Zachariah

Van Sickle, together with the Youngs, went to the place
of business of a man by the name of Brinker who was a
store keeper in the neighborhood with whom they dealt, and
Van Sickle stated to him the contract he had entered into
with the Youngs and desired to have it reduced to writing.
Brinker testifies that at Van Sickle's direction he wrote
the deed by which the 21-acre tract was conveyed to the
Youngs, but that he was not a notary, and could not take
the acknowledgment.     He then, at Van Sickle's direction,
prepared what he called a contract will in which, as he
says, it was provided that at Van Sickle's death, in consider-
ation that the Youngs take care of him during his life and
pay his funeral expenses, the remainder of the tract of land,
as well as all of his personal property, should pass to them;
that this consideration was in addition to the land conveyed
to them on that day by the defendant.   It is then shown
that Van Sickle and the Youngs went to Point Pleasant to
have this paper acknowledged.   He signed it, but the notary
public swore him to it instead of taking his acknowledge-
ment.   Of course, it would be good as a deed between the
parties without any acknowledgment, but the original paper
is not here introduced, simply a transcript from the record
of it in the clerk's office, and of course it was not properly
a recordable paper, but is certainly good as an executory
contract.   This paper Van Sickle delivered to the Youngs.
The other paper, it appears, was executed by Van Sickle
and acknowledged, but the same was not recorded at the
time, and search for it since the death of Van Sickle has
failed to reveal it.   Its execution, however, is satisfactorily
proven. Mrs. Young went on the witness stand to testify in
her own behalf, and while she would have been incompetent
to give the testimony as to personal transactions with the
deceased, she did not undertake to do so when testifying
in chief.   She simply testified in rebuttal of the evidence
tending to show that proper care had not been given to
Van Sickle during the time they lived with him, and then
counsel for the heirs-at-law on cross-examination examined
her fully as to her knowledge of this contract and proved by
her that Van Sickle had executed it and was told by the

notary to put it away in a safe place, and that Van Sickle
replied that he had a safe place to keep it until his death.
The commissioner found that Mrs. Young's evidence was
incompetent. Undoubtedly it would have been if she had
attempted to introduce it in her own behalf, but when the
testimony is introduced at the instance of her adversary there
remains no interested party to object to its competency.

Of course, it does not appear that this paper was ever de-
livered to the Youngs. In fact the Youngs do not contend
that it was so delivered. However, the court below refused
to decree specific execution of it, and held that the Youngs
were entitled to no relief because thereof. As before stated,
the contract between the Youngs and Van Sickle is clearly
proven. In fact, the heirs-at-law do not attempt to dispute
that the contract was actually made. A number of wit-
nesses introduced by them testify that Zachariah Van Sickle
told them in his lifetime that he had made such a contract.
Their sole reliance in their pleading is that the contract
was procured by undue influence, and that the consideration
had failed, and in their proof their sole reliance is a feeble
attempt to show a failure of the consideration. They do
not in their pleadings rely upon the Statute of Frauds. It
is quite well established that where a party in his pleadings
admits the making of the contract, in order to rely upon the
Statute of Frauds to defeat recovery he must plead it.
*Barrett* v. *McAllister,* 33 W. Va. 738; *Cunningham* v. *Cun-
ningham,* 46 W. Va. 1; *Atkinson* v. *College,* 54 W. Va. 32;
*Campbell* v. *O'Neill,* 69 W. Va. 459.

But even if the heirs-at-law of Zachariah Van Sickle had
pleaded and relied upon the Statute of Frauds to defeat the
execution of the contract set up by the Youngs, they would
have to fail for the very good reason that it is very clearly
proven that Zachariah Van Sickle executed a writing em-
bodying the terms of this contract. This writing is clearly
proven. The fact that it was not delivered to the Youngs
does not make it less effective to remove the bar of the Statute
of Frauds had it been pleaded. Where the party sought to be
charged by a contract which has been clearly proven has
reduced that contract to writing and signed it, and holds it

for future delivery, or delivers it *in escrow*, it will be as effective as evidence, so far as the inhibition of the Statute of Frauds is concerned, as though he had actually delivered it. *Parrill* v. *McKinley*, 9 Gratt. 1; *Moore* v. *Ward*, 71 W. Va. 393.

It may be doubted, however, whether relief could be denied to the defendants Youngs even though there had been no writing evidencing their contract, and the Statute of Frauds had been pleaded and relied upon. The proof of the contract is clear and conclusive and in no wise contradicted. The services rendered by the Youngs under the terms of the contract are likewise clearly shown, and it appears that they are of that character that could not be readily compensated in damages. The Youngs were in possession of the property, it is true, along with Van Sickle, and remained in possession of it at the time of his death. It has been held in such case that specific execution of the contract will be decreed, even though there is no writing evidencing it, and the Statute of Frauds is relied upon because of the fact that it has been completely executed by one party, and the law does not furnish any adequate measure of damages in case specific execution is refused. *Bryson* v. *McShane*, 48 W. Va. 146. In this case we do not have to determine whether or not this contract would be enforced under such circumstances. Under the facts proven the Statute of Frauds, even if pleaded and relied upon, is not applicable, and the Youngs, upon the pleadings and proof, were entitled to have specific execution of the contract.

We will, therefore, reverse the decree of the circuit court of Mason county and enter a decree here decreeing the right of the defendants Youngs to have the real estate conveyed to them, and to have any personal property remaining turned over to them upon the payment by them of the balance of the funeral expenses remaining unpaid, to-wit, the sum of $58.50, with costs to them in this Court and in the court below against the heirs-at-law of Zachariah Van Sickle who filed the cross bill in this case, and remand the cause to the

circuit court for execution of such decree by having proper conveyance made in accordance therewith.

*Reversed, and decree for appellants..*