## CHARLESTON.

R. F. ATKINS *v.* MARY SAYER, *et als.*

Submitted January 15, 1924.   Decided January 22, 1924.

1. SPECIFIC PERFORMANCE—*Bill for Specific Performance of Oral Contract for Conveyance of Land Held Not Demurrable.*

   A bill for the specific execution of a parol contract for conveyance of land which charges that plaintiff under the contract with his aged sister and her husband moved upon and took exclusive possession of the land, made valuable improvements thereon, paid the taxes, and that he has remained in open, exclusive, notorious, continuous and peaceable possession thereof for fourteen years, during which time he supported and maintained them until their respective deaths with the understanding and agreement that the land should be conveyed to him for such services, is not demurrable. (p.404).

2. FRAUDS, STATUTE OF—*Oral Contract for Conveyance of Land in Consideration of Services Held Not Barred by Statute of Frauds, in View of Vendee's Performance.*

   If the allegations of the bill be proven, the contract is not barred by the statute of frauds.   (p. 406).

3. SAME—*Undelivered Deed Executed Under Oral Contract for Conveyance of Real Estate Sufficient Memorandum.*

   In such case where the bill charges that a deed to plaintiff for the land sued for was actually signed and acknowledged by the sister and husband, to be delivered to him when called for, such deed if so executed and held is a sufficient memorandum in writing to save the contract from the bar of the statute of frauds.   (p. 406).

Question certified from Circuit Court, Mingo County.

Suit by R. F. Atkins against Mary Sayer and others. A demurrer to the bill was sustained, and a motion to strike a special plea overruled and the question certified.

*Ruling reversed; remanded.*

*Stafford & Rhodes,* for plaintiff.

LIVELY, JUDGE:

Having sustained the demurrer to plaintiff's bill and over-

ruled a motion of plaintiff to strike a special plea, setting up the statute of frauds in bar to the bill, the circuit court certified its rulings to this court for review.

The bill prays for the specific performance of a verbal contract for a tract of land containing about 12 1/10 acres surface lying on the waters of Big Munsey in Mingo county, the title to which is now in defendants, the heirs at law of Matilda Ferrell, deceased. The bill charges in substance that Matilda Ferrell and her husband, Jacob Ferrell, in their declining years induced plaintiff, the only living brother of Matilda Ferrell, nee Adkins, to move upon the tract of land in question and support and maintain them in their declining years, both being very old at that time, under the express verbal promise and agreement that for such services faithfully performed they would convey to him the said tract of land, together with another tract of about 12 acres in fee adjoining, of which they then had possession. That in pursuance of said agreement and contract he moved upon the land, took possession thereof, faithfully performed his part of the contract for a period of fourteen years, his services thereunder to both his sister and her husband amounting to much more than the value of both tracts of land; that he has paid the taxes and has made valuable improvements thereon and that during that time both his sister and her husband departed this life being well satisfied with his services under the agreement; that he is now in possession of the land in pursuance of the contract; that his sister departed this life some time before Jacob Ferrell, her husband, and that before her death she and her husband actually made, executed and acknowledged a deed for the two tracts of land to the plaintiff, which deed was placed with the papers of his sister in the house to be delivered to him whenever he called therefor; that he neglected to call for the deed, and after her death he and her husband made diligent search among the papers for the deed so executed but it and other valuable papers could not be found, and have never since been found. Upon demurrer to the bill, it was amended by leave of the court, the amended bill setting out substantially the grounds for specific performance above narrated. The known heirs are

named as parties as well as heirs who are unknown. Mary Sayer, one of the defendants, demurred to the original and amended bills and each paragraph thereof, which demurrer the court sustained. Two of the defendants, Sallie Brewer and Polly Adams, tendered and filed a special plea to the amended bill, averring that Matilda Ferrell never executed any contract or agreement in writing for the sale of the land mentioned in the bill or any interest therein and that there was never any memorandum or note in writing of any such agreement, nor was there any verbal contract made with the plaintiff for the transfer of the title to said land to him; that the alleged contract is unenforceable because of the statute of frauds. The court overruled the motion of plaintiff to strike the plea.

Does the bill state a case for equitable relief? Does the statute of frauds prevent a recovery, admitting that the facts stated in the bill are true? The bill quite clearly charges that plaintiff had a contract with his sister, Matilda Ferrell, and her husband, to take care of them in their sickness and declining years in consideration of the transfer of the tracts of land set out and described, and that in pursuance of the contract he moved upon and took possession of the land, made valuable improvements thereon, paid the taxes and faithfully and satisfactorily performed his part of the contract. Moreover, that a deed for the land, in pursuance of the contract, was duly executed and acknowledged to be delivered to him when called for. Contracts of this character, when firmly established, are very generally upheld. Of course it is necessary to fully sustain the allegations of the bill. We are not now concerned in what the proof may be. We must take the allegations of the bill as true upon demurrer. Specific performance of contracts of this character has been decreed in many of our cases, among them: *Tracy* v. *Tracy,* 14 W. Va. 243; *Pack* v. *Hansbarger,* 17 W. Va. 313; *Frame* v. *Frame,* 32 W. Va. 463; *Harrison* v. *Harrison,* 36 W. Va. 556; *Crim* v. *England,* 46 W. Va. 480; *Bryson* v. *McShane,* 48 W. Va. 126; *Moore* v. *Moore,* 87 W. Va. 9; *Blagg* v. *Van Sickle,* 90 W. Va. 351; *Bright* v. *Channels,* 92 W. Va. 93. Indeed, it has been held by respectable authority that if the

result of the labor and services under such agreements has been such as to change the whole course of the life or life work of the complainant on the faith of the contract to devise or convey, the case is one which is within the same rule as to part performance, as where possession of the land has been taken and valuable improvements made. *Van Duyne* v. *Vreeland,* 1 Beas. (N. J.) 142; Pom. Spec. Per. 161, sec. 114. Such contracts are not defeated by the statute of frauds, because no note or memorandum or writing has been signed by the parties to be charged. Moreover, the amended bill charges that a deed for the land, in performance of the contract, was actually signed and acknowledged and held ready for delivery. This court has held in *Blagg* v. *VanSickle,* above cited, that a contract in writing for the sale or transfer of real estate, executed by the grantor and held by him for future delivery, or delivery in escrow, is a sufficient memorandum in writing to save the same from the bar of the statute of frauds. The bill is sufficient as setting up a parol agreement for the conveyance of land for a valuable consideration which equity will enforce notwithstanding the statute of frauds. The demurrer to the bill should have been overruled and the plea of the statute of frauds as a bar should have been rejected. It will be so certified to the lower court.

*Ruling reversed; remanded.*