*Writ Awarded.*

## CHARLESTON.

### MOORE *v.* MOORE.

Submitted February 7, 1911.   Decided April 15, 1913.

CONTINUANCE—*Grounds*—*Specific Performance.*

> The bill, alleging *inter alia*, purchase of real estate under a verbal contract with defendant, possession and improvements by virtue thereof, seeks specific performance of the contract averred. Defendant's demurrer thereto being overruled, on the last day of the term next ensuing the institution of the suit, he by answer, then filed, denied all material averments of the bill, and, for good cause shown by affidavit, also filed, moved for a continuance, which being denied, the court thereupon, and on depositions previously taken and filed by plaintiff, granted the relief sought. The action of the court thereon, under the circumstances, *held* erroneous.   (pp. 261-263).

Appeal from Circuit Court, Barbour County.

Bill by M. C. Moore against Emery C. Moore. From a decree for plaintiff, defendant appeals.

*Reversed and Remanded.*

*Wm. T. George* and *Leroy V. Holsberry,* for appellant.

*Warren B. Kittle,* for appellee.

LYNCH, JUDGE:

The bill alleges that, by virtue of a verbal contract for the purchase of real estate, plaintiff is entitled to a decree requiring defendant specifically to perform the same. It avers possession of the lands under the contract, and improvements thereon.

The record does not show the date of the process to answer; but it does show that it was returned, duly executed, at May rules, 1910, and the bill filed and decree *nisi* thereon at July rules, and defendant's appearance noted thereat, but for what purpose is not shown. The bill was set for hearing at August rules. The plaintiff then promptly proceeded with the taking of depositions in support of the averments of the bill, which were completed and filed in the clerk's office August 31st. Defendant by counsel appeared and cross-examined the witnesses. The first term of the court thereafter began September 27th, and ended October 6th. Sometime during the term, the date not appearing, defendant demurred to the bill. The court did not rule thereon until the last day of the term, and apparently after ten o'clock at night, because by the final and only decree in the cause an affidavit was filed, endorsed: "Filed October 6, 1910, at 10 o'clock P. M. " The court overruled the demurrer, whereupon defendant at once tendered his answer, which the court permitted him to file, and by which he denied the existence of the contract averred, possession and improvements thereunder, as well as other material averments of the bill. He asserts that the possession relied upon by plaintiff was as tenant by sufferance, and not under any contract of sale or purchase, and that the improvements averred in the bill were trifling, not exceeding fifty dollars in value, and made out of timber taken from the lands by defendant's permission. At the same time, defendant moved the court for a continuance of the cause, in order to afford him opportunity to take proof in rebuttal of that offered by plaintiff. In support of his motion, defendant also tendered an affidavit, which the court permitted him to file. This motion the court denied, and refused to continue the cause.

Although counsel for both parties discuss in their briefs other question arising on the record, it is not now deemed essential to refer thereto or to discuss the same, except in so far as they relate to the sufficiency of the bill on demurrer and to defendant's motion for a continuance. The demurrer is not entirely without merit, although properly overruled. There is, therefore, no error in the action of the court thereon. But the

conclusion here reached is that the court erred in refusing to grant defendant's motion to continue the cause.

Courts usually scrutinize with care cases wherein specific performance of contracts for the sale of real estate is sought, and especially those involving verbal contracts even when accompanied by part performance—possession and improvements. *Gallagher* v. *Gallagher,* 31 W. Va. 9; *Miller* v. *Lorentz,* 39 W. Va. 160; *McCully* v. *McLean,* 48 W. Va. 625; *Knight* v. *Knight,* 51 W. Va. 518; *Bell* v. *Whitesell,* 64 W. Va. 1; *Pickens* v. *Stout,* 67 W. Va. 422; *Plunkett* v. *Bryant,* 101 Va. 841; *Martin* v. *Martin,* 112 Va. 731. Otherwise, such contracts are within the express terms of the statute of frauds. Possession, in order to relieve from the rigidity thereby imposed, must be pursuant to and under the contract of purchase. *Gallagher* v. *Gallagher, supra; Miller* v. *Lorentz, supra; Woods* v. *Stevenson,* 43 W. Va. 194; *Land Co.* v. *Thornburg,* 46 W. Va. 99. And the improvements asserted and relied on must at least be valuable and permanent.. Trifling improvements or inexpensive repairs will not avail. *Gallagher* v. *Gallagher, supra; Perry* v. *Elliott,* 101 Va. 709.

It can not be said, under the circumstances detailed, that defendant purposely attempted to delay the final determination of the litigation. He could with propriety, and perhaps did, rely upon the demurrer to the bill. He did not know, and could not anticipate, the court's ruling thereon. Immediately thereafter his answer was filed. Of course, the statute, § 53, ch. 125, Code 1906, provides that "at any time before final decree a defendant may file his answer, but a cause shall not be sent to the rules or continued because an answer is filed in it, unless good cause be shown by affidavit filed with the papers therefor." The evident purpose of the statute was and is to speed all litigated causes; and this purpose can be impeded only for cause shown satisfying the conscience of the court.

In his affidavit, the defendant says he was advised by counsel, before beginning of the term, that the local custom and practice with respect to controverted chancery causes was to answer at the first term and prepare for submission on the merits by the succeeding term, and that he relied on this information; also that, if the cause is continued, he can, as he

verily believes, produce and obtain testimony, the effect of which would in law entitle him to a favorable decision; that he had no knowledge the cause would be pressed for hearing at the first term; that his chief counsel was and continued absent from the state during the taking of plaintiff's depositions, and that he only secured other counsel to appear and cross-examine plaintiff's witnesses. He relies on these facts in support of his motion. In the case of *Myers* v. *Trice,* 86 Va. 835, 842, it is said: "A continuance may be granted not only for the absence of a party or his counsel from unavoidable circumstances, but for honest mistake, or anything amounting to a serious surprise; and if there is no sufficient reason to induce the belief that the alleged ground of the motion is feigned a continuance should be granted, rather than to seriously imperil the just determination of the cause by refusing it." From the character of the case itself, the proceedings therein heretofore detailed, and defendant's affidavit, not in anywise controverted, the conclusion seems fair and reasonable that defendant was entitled to a continuance of the cause, and that it was error in the circuit court to deny his motion, and at the same time, in a final decree as upon the merits, grant the relief prayed for in the bill.

The decree of the circuit court is therefore reversed, and the cause remanded, with leave to the defendant to take and file his proof preparatory to a final submission of the cause on its merits.

*Reversed and Remanded.*