## 9066

### MAULDIN *ET AL.* v. MAULDIN *ET AL.*

(85 S. E. 60.)

1. TRUSTS—SALE OF PROPERTY—POWER OF COURT.—The power to sell trust property must be exercised with the utmost caution, and it is not enough that the beneficiaries are willing to sell, but the necessity for or advantage of a sale must appear.

2. TRUSTS—TESTIMENTARY. TRUSTS—SALE OF TRUST PROPERTY.—Where testator provided for a postponement of a sale of trust property for twenty years, but allowed a discretion as to sale after the death of his wife, a family settlement, to avoid litigation, advancing the time of sale, will not be enforced, especially where an anticipation of time of sale was not for the wife's benefit.

3. TRUSTS — TESTAMENTARY TRUSTS — SALE OF TRUST PROPERTY. — The Court may not anticipate the time of distribution of a testamentary trust estate, and thereby destroy trusts and defeat the rights of contingent remaindermen.

Before WILSON, J., Greenville, April, 1914.    Reversed.

Action. by John McH. Mauldin, Clarence Howland and Eliza K. Mauldin, as executors of the will of William L. Mauldin, deceased, plaintiffs, against Oscar K. Mauldin, William L. Mauldin, Caroline Louise Howland, Mary M. Miller, William S. Howland and Louise M. Howland, defendants.

The family of the Hon. W. L. Mauldin, late of Greenville, made the following proposition to his executors:

Greenville, S. C., February 16, 1914.
To the Executors of the Estate of W. L. Mauldin, Deceased:

We, the undersigned, do hereby propose the following settlement regarding the estate of W. L. Mauldin, to wit:

1. That the special limitation upon our interests shall be waived so that our interests shall be on the same footing as the interests of the other children, and that the executors shall at once advance the period for distribution so that the rights of all the children in the proceeds of the sale of the real estate shall become vested at once.

2. That the Main street property shall be sold as soon as the sum of two hundred and fifty thousand ($250,000) dollars can be obtained: provided, however, that if this sum cannot be obtained the executors may sell for a less sum. The other real estate shall be sold in parcels from time to time as sales therefor can be obtained.  The executors are to charge no commissions on the sale or division of the proceeds of sale of the Main street property.

3. One-third of the proceeds of the real estate, after deducting expenses of sale, including commissions of executors, where allowable, shall be set aside for the benefit of Mrs. Eliza K. Mauldin, to be held by herself and the other executors, with the right to make such investment thereof as they may determine upon, with the full right on her part to use all interests and profits arising therefrom; and on her

death what remains to be divided in the manner indicated in the fourth paragraph hereof.                    •

4. The balance of the proceeds arising from the sale of the real estate shall be equally divided among the five children, share and share alike.

All personal property shall belong to Mrs. Eliza K. Mauldin, and all past transactions regarding the estate shall be confirmed. The retained income on the interest of W. L. Mauldin to be paid over to him forthwith.

This proposition is to be accepted or rejected by 12 m. February 19, 1914. If accepted we will expect you to take such proceedings in Court as may be necessary to carry out this family arrangement. Signed, Oscar K. Mauldin, W. L. Mauldin.

We, the undersigned, do hereby agree to the terms of the foregoing proposition made by Oscar K. Mauldin and W. L. Mauldin. The selling price, however, to be $300,000.00. Signed, Caroline L. M. Howland, Clarence Howland, John McH. Mauldin, Eliza K. Mauldin, Mary Mauldin Miller.

The executors then brought this suit in equity, and asked the Court to adjudge whether the proposed family arrangement could be made effective and binding upon all parties having any interest in the estate of their testator. From a decree directing the executors to carry out this proposed settlement, they appeal on the following grounds and exceptions:

(1) That his Honor erred in holding that the executors of the last will of W. L. Mauldin, deceased, could consent in advance to the marriage of William L. Mauldin; and, that having consented, the said William L. Mauldin is now entitled to receive his full amount of the income from his share of the property; it being submitted that under said will the consent of the executors can be given only to the marriage of the said William L. Mauldin with some specific and definite person, and that the terms of said will, in this regard, have not been complied with.

(2) He erred in holding that the postponement of the period of distribution for the full term of twenty years after testator's death, with the right, however, to anticipate such period after the widow's death, was for the benefit of the widow, and that with her consent the executors could distribute the funds before her death.

(3) He erred in holding that a release of all their interests made on the part of the brothers and sisters of Oscar K. Mauldin gave to the·said Oscar K. Mauldin the full right and estate in the *corpus* of his share; and that the trustees could safely turn over to him such interest, freed from any claim on the part of the children subsequently born to him; it being submitted that under the terms of the will it cannot now be ascertained who, under the terms of the will, would take the share of the said Oscar K. Mauldin in case his interests therein were defeated by the terms of the will.

(4) He erred in not holding that the said Oscar K. Mauldin has only a life interest in the *corpus* of the share set aside for him, and in requiring these executors to turn over to him the *corpus* of his share.

(5) It is submitted that, under the terms of the said will, the defendant, W. L. Mauldin, is not entitled to the *corpus* of his share until after his marriage, with the consent of the executors, and it is submitted that the Court erred in holding that he was entitled at once to receive said *corpus,* and in directing these executors to turn over the same unto him.

(6) It is submitted that it is incumbent upon these executors to protect the interest of any parties who may be entitled in the future to any part of the shares of the said W. L. Mauldin and of the said Oscar K. Mauldin, and that it is a duty of these executors to hold the *corpus* of said two funds in their hands for the protection of such interests, and the Court erred in not so holding."

*Messrs. Haynsworth & Haynsworth,* for appellants, cite: 23 S. C. 502; 23 S. C. 412.

*Mr. B. A. Morgan,* for respondent, cites: 32 S. C. 259; 96 S. C. 85; 23 S. C. 515; 25 S. C. 40; 31 S. C. 113; 22 S. C. 323; 76 S. C. 161; 3 Rich. Eq. 1.

April 15, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mr. W. L. Mauldin died leaving of force his last will and testament. This will gave much dissatisfaction to some of his children. A lawsuit was threatened. To avoid a family unpleasantness, an agreement was made, and this action was brought to carry out the terms of this engagement. Inasmuch as the family settlement cannot be confirmed, it is well to say as little about the will as practicable, in order that this Court may not seem to decide any question the parties may desire to litigate in future. It is conceded that the agreement proposes a sale and distribution of the funds in anticipation of the time fixed by the will. It is also conceded that there are two minors who may have an interest as contingent remaindermen, and who are made parties to represent themselves and any other contingent remaindermen, yet unborn, who may become entitled to an interest in the property.

There are only two questions involved: (1) Shall the time of sale be anticipated? (2) Shall the time of distribution be anticipated?

1. The right to sell trust property is clear. That the power shall exist is sometimes desirable, sometimes necessary. This power should be exercised with the utmost caution at all times. It is not enough that the beneficiaries of the trust are willing for a sale, or even that they are anxious for it. If the law contemplated that the *cestui que trust* shall control the property, then the trustee is a useless incumbrance. The necessity for, or advan-

tage of, the sale must appear.    The testator owned the property and, in theory of law, at least, was allowed by the law to dispose of it as he pleased, unless restrained by some positive prohibition.

The owner and holder of the $300,000 worth of real estate is a man whose judgment as to its continued management is entitled to be respected, and not to be disregarded, unless there is cogent reason for it.    The reason must appear.    The record shows no reason why Mr. Mauldin's judgment should be disregarded, not even the insufficient, but frequently assigned reason, "A good price has been offered."    Even if it be unnecessary to show a reason, so far as the adults are concerned, there are minors who are parties to this proceeding.    Surely a due regard to their rights requires the disclosure of some reason for the change in order that the chancellor may have a basis for the exercise of his discretion.    It is said that the time of sale is deferred until after the death of the widow for her benefit, and she has the right to waive it.    From a reading of the whole will it may appear that the condition is made for her protection, and a protection from herself against the demands of her children.    The simple question is: Should a Court sanction a settlement, demanded as the price of family peace, in which a mother is required to surrender her protection and get nothing in return?    Let "the proposed settlement" be reported.    It provides for a present advantage for all the adults except for mother.    The contingent interest of the minors are destroyed.    It must be distinctly understood it is not the mother's fault, and she has done her best to pay the "price of peace."

In *Farr* v. *Gilreath,* 23 S. C. 515, 516 (cited by respondents), the sole object of a postponement of the sale was to benefit the life tenant, and the sale appeared to be for her advantage.    In this case Mr. Mauldin desired a postponement for twenty years, but allowed a discretion after the death of the wife.    Here the postponement was not solely

for the benefit of the wife and it does not appear that an anticipation of the time of sale is for her benefit.

Family peace is much to be desired, but if family settlements are to be sustained for no other reason than family peace, then a premium is put on family discord. The exceptions that raise this question are sustained for the want of a better showing.

2. Can the time of distribution be anticipated? It would not be proper for the Court at this time to give an authoritative construction to the will of Mr. Mauldin. It is sufficient to state that the complaint alleges that the minors are made parties to represent the contingent remaindermen. The judgment appealed from provides, not only for a sale of the property, but that the trustees shall pay out the fund now and surrender their trust in anticipation of the time provided for in the will. Until the time designated in the will shall come, no one can tell who will be entitled to the fund. The adults may consent for themselves; the minors cannot; no one can consent for them. If good title cannot be secured without a surrender of their contingent interests, then their contingent interests are valuable, and this Court is bound to protect them. The power of the Court to anticipate the time of sale is clear, but the power of the Court to destroy the rights of contingent remaindermen is a different question. *Bofil* v. *Fisher,* 26 S. C. Eq., 3 Rich. Eq. 1, 55 Am. Dec. 627, is cited as authority. *Bofil* v. *Fisher* holds that land may be sold, but that the interests of the parties, vested and contingent, are transferred to the fund. In this case the proposition is to sell the property and pay out the proceeds of sale. The result is to destroy the rights of contingent remaindermen and destroy the trust. The power to destroy trusts and deliberately defeat the rights of contingent remaindermen, is not a power the Courts will or ought to exercise, even if it exists in any Court.

The judgment appealed from is reversed.