# CHARLESTON.

EMMA BRIGHT *et als.* v. ROBERT CHANNELS *et als.*

Submitted October 17, 1922.  Decided October 24, 1922.

PARTITION SUIT—*Rejection of Cross-Bill Answer Alleging Things Which, if Proved, Will Justify Specific Performance, Is Error.*

Where a cross-bill answer in a partition suit alleges with reasonable certainty that respondent is the equitable owner of the land, or a part thereof, under and by virtue of a parol agreement made with decedent, coupled with possession for

92 W. Va.

many years, with full performance thereof on part of re-
spondent, evidenced by a paper writing signed by decedent, and
facts and circumstances surrounding the making and per-
formance of the contract, all of which, if proved, will justify
specific performance, it is error to reject the cross-bill an-
swer, and decree partition of the land.

Appeal from Circuit Court, Tucker County.

Suit by Emma Bright and others against Robert Channels
and others, in partition. Decree for plaintiffs and defendant,
Robert Channels appeals.

*Reversed and remanded.*

*J. P. Scott,* for appellant.
*J. W. Harmon,* for appellees.

LIVELY, JUDGE:

This suit is for partition of the land of Sylvester Chan-
nels, deceased. Robert Channels, his son, by answer in the
nature of a cross-bill, set up a claim to the land by virtue
of a verbal contract entered into with the decedent, evidenced
by a paper writing signed by him a few days before his death,
whereby for services rendered on the farm and for care of
his father in his declining years he was to have title to and
ownership of the land. The decree of August 9, 1921, re-
jected the answer as not constituting a defense to the bill
for partition, held that Sylvester Channels, at the time of
his death, was the owner of the land, that plaintiffs were
entitled to partition thereof, appointed commissioners of
partition and directed them to act. The decree saved to
Robert Channels the right to bring such action or proceed-
ings as he might be advised, to assert the claim set up by his
answer, the prayer of which was for specific performance,
or failing that relief, he be decreed pay for, his services
upon *quantum meruit.* From this decree Robert Channels
prosecutes this appeal.

The question to be determined is whether the cross-bill
answer presents a defense to partition; in other words, does
it allege sufficient facts on which to base a decree for spe-

cific performance? If it does, and they are substantiated by evidence, partition would be defeated.

While the cross-bill answer is inaptly drawn, it says that respondent has, upon request of his father, remained upon the land all his life, under promise from his father, that if he, respondent, did so remain and work upon the farm and care for him in his declining years, he would give him the land; that a deed therefor was actually made but never delivered, because of some provision. therein which was not satisfactory to the grantor, and was afterwards destroyed; that his father promised and intended to have another deed prepared and delivered, but never did so, because he became sick and unable to go to the county seat to have it prepared, and being on his death bed called another son to his bedside and had prepared and signed, the following writing:

"January 19, 1921 I want Bob to have the mill and buildings where we surveyed of some years ago only a little further down the *fense* to where the Second Bottom begins and inclose the little barn on the hill from there to a cliff of rocks at a Service bush the girls get the balance of land to Sell and divide Equal with them Bob stayed all his life with me he has been good to me Mattie has done more for me than all my girls. Sylvester Channels." Respondent further avers in substance that he has performed the contract, that he and his wife have resided on the land for 14 years; that he has given labor and care to his parents (decedent and his wife) during his entire life, now being 53 years old, and that his services were worth more than the land and its improvements. He does not say that he has made valuable improvements on the land. He does say that he had an agreement with his father by which the latter promised to give him the land if he would live and work upon it and take care of him in his declining years; and the death bed writing is exhibited as evidence of the verbal contract. Mattie, the one who "has done more for me than all my girls," as stated in the writing, is respondent's wife.

We think the answer, while not as full and complete as might be desired, sets up a contract which, if proven, will

justify specific performance. It may be difficult to substantiate. Of that, we are not now concerned. The statute of frauds may prevent its fruition unless there was actual, open, exclusive and uninterrupted possession or permanent and valuable improvements made, or these two combined. It has been held that where services are exceptional in character and not to be measured by the ordinary standards, combined with possession, oral agreements to convey lands may be specifically enforced. Brown Stat. Frauds, sec. 463, note; *Bryson* v. *McShane,* 48 W. Va. 126; *Blagg* v. *VanSickle,* 90 W. Va. 351; 110 S. E. 816; *Smith* v. *Peterson,* 71 W. Va. 364. See *McElhiny* v. *Minor,* 91 W. Va. 754, (decided October 3, 1922). In *Van Duyne* v. *Vreeland,* 1 Beas. (N. J.) 142, it was held that if the result of the services under the agreement were such as to change the whole course of the life or work of the promisee on the faith of the contract to devise or convey, the case is one which is within the same rule as to part performance, as where possession with valuable improvements. Pom. Spc. Perf. 161. sec. 114.

To sustain the decree, we are cited to *Moore* v. *Moore,* 72 W. Va. 260; *Smith* v. *Peterson,* 71 W. Va. 364; *Crim* v. *England,* 46 W. Va. 480; and *Harrison* v. *Harrison,* 36 W. Va. 556. All of these cases relate to the proof necessary to justify specific performance. It is true, as stated in *Harrison* v. *Harrison, supra,* that a contract between parent and child requires proof by a kind of evidence much stronger than that which might suffice between strangers; and that the evidence of a *parol gift* from father to child, should be direct, positive, express and unambiguous, and its terms clearly defined. But that stage of this case has not been reached. No evidence has been taken; and the averments of the cross-bill answer are now taken as true. The onyl question we now have is upon the sufficiency of the pleading in setting up the verbal contract for the land.

As above indicated, we are of the opinion that the exceptions to the cross-bill answer should have been overruled,

and the answer permitted to be filed.   The decree will be reversed and the cause remanded.

*Reversed and remanded.*