11430

PIEGLER v. JEFFRIES

(121 S. E., 783)

1. Trusts—Statute Held Not to Execute Trust Involving Discretion.—Where a declaration of trust expressly reserved to trustee the power to sell and convey all or any part of the premises whenever, in his judgment, it was expedient, or when requested in writing by beneficiaries, or the survivor of them, and to reinvest the proceeds *held,* that. the statute did not execute the trust.

2. Trusts—Consent Decree Purporting to Annihilate Active Trust Held Coram Non Judice.—A consent decree in an action by a beneficiary against a trustee, purporting to completely annihilate an active trust, discharge trustee, and vest the fee-simple title in beneficiary, where it was never intended to be, *held, coram non judice* and void.

8. Judgment—Not Binding on Persons not Parties.—A consent decree in a suit between trustee and *cestui que* trust terminating the trust and vesting title in the *cestui que* trust, even if *res judicata* as between the parties is not binding on others who set up a claim to the property.

4. Powers—Trusts—Vendor and Purchaser—Cestui Que Trust Having Power of Appointment Held Without Marketable Title.— S. purchased property with funds of plaintiff and another and executed a declaration of trust in favor of them and a third *cestui que* trust during their lives and the life of the last survivor. Plaintiff was given a power of appointment by will. By a consent decree the trust was terminated and title vested in plaintiff. *Held,* that plaintiff could not convey a marketable title, as she had only an equitable life estate with power of appointment, and, upon nonexercise of the power, the trustee would hold on a resulting trust for her heirs, who would only be tenants in common with the heirs of the other person whose money was used.

5. Powers—Trusts—Failure to Make Appointment Creates Resulting Trust for Heirs of Those Whose Funds Were Invested by the Donor.—If one having a power of appointment as to a trust fund fails to exercise the power, the title reverts to the donor; but where he purchased the property with money of certain of the *cestui que* trusts it reverts to the trustee on a resulting trust for the benefit of the heirs of those whose funds were invested.

6. Powers—Can be Exercised Only in Manner Specified.—Where the instrument creating a power specifies the nature of the instrument by which it may be exercised, the power can be exercised only in the manner specified.

Before JOHNSON, J., Union, December, 1922. Reversed
:and complaint dismissed.

Action by Lillie D. Piegler against Davis Jeffries. Judg-
:ment for plaintiff and defendant appeals.

The circuit decree follows:

This controversy submitted without action upon an agreed
:statement of facts, and is for the specific performance of
.a contract for the sale of land. The facts are, briefly:

That on the —— day of March, 1922, the plaintiff agreed
.and contracted with the defendant to sell and convey to de-
fendant a certain lot of land situate in the city of Union,
·County and state aforesaid, in consideration of the sum
·of $1,000 cash, and to execute and deliver a good title in
fee to the said lot, fully described in the said statement.
That defendant paid part of the purchase money, but refuses
·to complete the payment, contending that he is advised that
plaintiff cannot make a good title to the lot, while insist-
ing that he is ready and willing to complete the payment
for same, if it is determined that plaintiff can convey a good
.and marketable title to the lot in question.

The lot in question is a part of "the residence [lot] in the
town of Union, S. C.," referred to in the "declaration of
·trust" by the late Mr. Robert W. Shand of date the 23d
·day of March, A. D. 1893, and also in the case of *Mrs.
Mary Lily Dawkins Piegler v. W. W. Johnson, as trustee*,
judgment roll No. 9026, office of the clerk of the court for
¨Union County, S. C. That the plaintiff herein is the same
person plaintiff in said case, and in said declaration of trust
by Mr. Shand as "M. Lily Dawkins," she having since
married B. F. Piegler.

In 190——, Robert W. Shand was properly relieved of the
·duties of trustee under said declaration, and one J. F.
McClure substituted with all the powers, etc., as the origi-
nal trustee. Later McClure was relieved as trustee, and
——Miller substituted; subsequently, upon the death

of Miller, by proper proceedings therefor W. W. Johnson, Esq., was duly sustituted as such trustee. During the terms of office each of said trustees except Mr. Shand, at the written request of the plaintiff, conveyed certain lots cut off the said "residence [lot] in the town of Union, S. C." That plaintiff has recently had the remaining portion of said property surveyed and cut into city lots, and is selling, or trying to sell, the same.

In 1920 the plaintiff brought suit in this court against the then trustee under the said declaration of trust by Mr. Shand, W. W. Johnson, Esq., to set aside the said trust. The same was not seriously contested, Mr. Johnson being anxious to be relieved of the duties of said trustee, and on the 30th day of December, 1920, his Honor, Judge T. S. Sease, passed a decree, by consent, setting aside the said ' trust and vesting the title to the remaining portion of said "residence [lot] in the town of Union, S. C., in the plaintiff; a copy of said record, as well as a copy of the declaration of trust by Mr. Shand, being attached to the agreement of submission herein as exhibits, and made a part thereof."

Two questions are presented by said agreed statement for decision:

First. The proper construction of the "declaration of trust" by Robert W. Shand, dated the 23d day of March, A. D. 1893. It being admitted that both Mary P. Dawkins and Charlotte Poulton named in said declaration died some 10 years or more ago, and that all conditions stated in said declaration in reference to them or either of them, and the payments required to be made in reference to the "Pacolet Plantation," have been made and complied with fully, and that M. Lily Dawkins (the plaintiff herein) is now quite old and past child-bearing, what interest, therefore, has the said M. Lily Dawkins (the plaintiff herein) in said "residence in the town of Union, S. C."?

Second. Does the decree of his Honor, Judge T. S. Sease, dated the 30th day of December, 1920, and the pro-

ceedings therein, vest the legal title in fee simple to the remaining portions of said orignal "residence [lot] in the town of Union, S. C.," in the plaintiff, who was the plaintiff in that suit? Or, were the proceedings in that case a nullity?

Upon careful consideration of the record herein, I am of the opinion that a decree for specific performance should be entered.

Passing specifically upon the questions as presented by the record; As to the first question, I hold that, since the statute of uses will not execute the trust where the trustee has some discretion to be exercised in relation to the estate (*Laurens v. Jenny,* 1 Speers [28 S. C. Law] 356), since "it has been uniformly held 'that the statute will not execute the use as long as there is anything remaining for the trustee to do, which renders it necessary that he should retain the legal title in order fully to perform the duties imposed upon him.' " (Ayer v. Ritter, 29 S. C. 135, 7 S. E. 53), and since, in the declaration of trust in question, there was expressly reserved unto the trustee the power (which he bound himself to exercise) "to sell and convey all or any part of the premises whenever in my judgment expedient," and also when "requested in writing by the said M. P. Dawkins, M. L. Dawkins, and Charlotte Poulton, or the survivors or last survivor of them, and to reinvest the proceeds of such sale on the same trusts," I am clearly of the opinion that the statute did not execute the use or trust. See, also, Spann v. Carson (S. C.) 116 S. E. 427, reaffirming *Ayer v. Ritter, supra,* which held that so much of *Laurens v. Jenny, supra,* as declared that "it is not sufficient, to prevent the estate from being executed, that there may be something for the trustee to do," was contrary to the unbroken line of decisions in this state.

Notwithstanding my opinion on this particular phase of the matter, it is to be observed that, in the action by the present plaintiff against the trustee, W. W. Johnson, which

action was instituted to have the trust declared to be ended
and no longer binding, and to have the legal title thereby
affected declared to be vested in plaintiff, freed and dis-
charged of all further trusts, both the trustee and the *cestui
que* trust, as well as the subject of the action, were before
the court, and that Judge Sease, in his decree of December
30, 1920, found as matters of fact that the property in ques-
tion was purchased by Robert W. Shand, trustee, wholly
with funds of the present plaintiff, that the object and
purposes of the trust had been accomplished, that plaintiff
has, under the declaration of trust, the absolute right and
power to dispose of the property in question as she may see
fit by her last will and testament, that the residence upon the
premises is old and badly in need of repair, that such prop-
erty is producing very little income and is wholly insuffi-
cient to maintain and support the plaintiff, that she is ad-
vanced in years and has passed the age in life where there is
any likelihood of child-bearing, and has no descendants or
other near relatives, and no one dependent upon her for
support.

In *Dumas v. Carroll*, 112 S. C., 284, at page 295, 99 S.
E. 801, at pages 803, 804, the court intimated that, where
the court had jurisdiction of the trustee, the *cestui que* trust,
and the subject of the action, it could, under its general
power over trust estates, do just what was done by Judge
Sease, and since "a judgment of the court, having juris-
diction of the parties in interest, is binding upon them, until
set aside in some manner prescribed by law," to wit, by
appeal, and since, in the present action, I have no juris-
diction to review and reverse or modify his decree (the
judgment not being void, in which event I might properly
disregard it), I am of the opinion that I must recognize the
judgment in the former action, from which no appeal was
taken.    It is therefore, ordered, adjudged, and decreed that,
upon the plaintiff tendering to the defendant a deed to the
said premises in question in due form conveying the fee-

simple title with general warranty, the defendant pay to the plaintiff the remaining portion of the purchase price of said lot, as contracted for. Further ordered, that the plaintiff pay the costs of this proceeding.

*Mr. W. W. Johnson,* for appellant, cites: *Right to review reverse or modify other Circuit Judge's decree:* 112 S. C., 284; 21 R. C. L., 793.

*Messrs. Sawyer & Kennedy,* for respondent, cite: *No power to disturb decree of other Circuit Judge:* 112 S. C., 284.

February 28, 1924.

The opinion of the court was delivered by MR. JUSTICE COTHRAN.

This appears to be a friendly suit, instituted by the plaintiff to enforce specific performance of a contract entered into by her and the defendant for the sale and purchase of a certain lot in the city of Union. The plaintiff is ready to convey, and the defendant to pay the agreed purchase price. Some question, however, as to the validity of the title which she proposes to convey having arisen, the real purpose of the suit is to determine that question. The matter was heard by his Honor, Judge Johnson, upon an agreed statement of facts, a controversy submitted without action as provided for in the Code (§ 675, Code Civ. Proc., 1922) resulting in a decree for the plaintiff, from which the defendant appeals.

It appears that in October, 1892, the property of which the lot in question is a part was sold under order of the court of common pleas in the case of *A. G. Rice against Mary L. Dawkins et al.* in settlement of the estate of the late Judge T. N. Dawkins, a circuit judge of this State elected in 1865, and retired in the reorganization of the courts under radical rule in 1868. At that sale the property was bid off by Hon. Robert W. Shand, a distinguished lawyer of this State, an honorable counselor, and for nearly 20 years

the reporter of this court. He did not comply with the terms of sale, for some reason, until March 23, 1893, at which time he used in so doing funds belonging to Miss Charlotte Poulton, a sister of Mrs. Dawkins, widow of the judge, and Miss Mary Lily Dawkins, an adopted daughter of Judge and Mrs. Dawkins. (Mary Lily Dawkins subsequently married one T. P. Miller; after his death she married B. F. Piegler, and she is the plaintiff in the present action.) On the same day, March 23, 1893, Mr. Shand executed a declaration of trust evidently coincidently and as a part of the transaction by which he acquired title, with the indorsed consent and at the request of Miss Charlotte Poulton and Miss Mary Lily Dawkins, whose money, as stated, supplied the consideration for the deed executed by the officer of the court to Mr. Shand.

The deed and the declaration of trust covered other real estate than that involved in this proceeding, but, as the questions at issue relate only to what is referred to as the "residence in the town of Union," of which the lot in question is a part, it will not be necessary to refer to such other real estate.

As to the "residence in the town of Union," which comprised not only the lot upon which the residence was located, but a body of land adjacent, all of which was known as the "Dawkins Place," by the declaration of trust, Mr. Shand held it as trustee for the following uses and trusts:

(1) To permit Mrs. Dawkins, the widow, Miss Charlotte Poulton, and Miss Mary L. Dawkins (now Mrs. Piegler, the plaintiff) to occupy the residence as a home for them during their joint lives, for the lives of the two who might survive the one dying first, and for the life of the last survivor.

(2) That Miss Mary L. Dawkins (Mrs. Piegler) should receive the rents and profits of the adjacent lands, pay the taxes upon the residence and upon the lands, and appropriate

the remainder to her own purposes during the term of her natural life.

(3) That if Miss Charlotte Poulton survived Miss Mary L. Dawkins (Mrs. Piegler) she should receive the rents and profits upon the same terms as provided for Miss Mary L. Dawkins.

(4) That upon the deaths of both Miss Charlotte Poulton and Miss Mary L. Dawkins, the said rents and profits should be paid to such persons as Mrs. Mary P. Dawkins, the widow, in the event that she should survive them, should from year to year designate.

(5) That upon the death of the last survivor of these three ladies (Miss Poulton, Miss Dawkins, and the widow Mrs. Dawkins) the residence and adjacent lands should be discharged of all trusts and go to such persons and in such proportions as may be appointed by Miss Mary L. Dawkins by will.

(6) That if Miss Mary L. Dawkins (Mrs. Piegler) should die without making such appointment, at the death of the last survivor of the three ladies named the property shall go to such persons and in such proportions as Mrs. Mary P. Dawkins, the widow, "may appoint or may have appointed by her last will and testament," free and discharged of all trusts.

(7) The trustee reserved the right to sell any part of the property he might deem expedient or at the request of the three ladies of the survivors or last survivor, and to reinvest the proceeds upon the same trusts.

Both Mrs. Mary P. Dawkins, the widow, and Miss Charlotte Poulton died many years ago. The dates of their deaths are not given in the record for appeal, but it appears that they died more than 10 years prior to the present proceeding, which was begun in 1923.

By appropriate proceedings J. F. McLure was substituted as trustee in the place of Mr. Shand; subsequently T. P. Miller, first husband of the plaintiff, was substituted for Mr. McLure, and later W. W. Johnson for Miller.

In the year 1920, January 26th, an action was instituted by the plaintiff in the present action, Lillie D. Piegler, in the court of common pleas for Union County, against W. W. Johnson, as trustee, claiming that, as the last survivor of the three ladies, she had the absolute right and power to make disposition of the property by will; that there were no duties to be performed by the trustee except to sell such part as he might deem expedient, or when requested as stated above, and praying judgment that the trust be declared ended and that the title to the property be declared vested in her and discharged of all further trusts, or that the trust be declared executed and the title vested in her as *cestui que* trust.

The trustee, W. W. Johnson, who was the only party defendant to the action, made answer to the complaint, admitting the material allegations, disclaiming any desire on his part to retain the trusteeship, and specifically expressing his desire to be relieved of it, but questioning the effect upon the title of granting the relief prayed for.

No order of reference appears to have been taken and no testimony was offered. On December 30, 1920, his Honor, Judge Sease, signed a decree consented to by the attorneys of record for the several parties, in which it was adjudged:

"That the objects and purposes of the said trust have been accomplished, and that the trusts as declared in the said declaration of trust hereinabove referred to and set forth are hereby declared and adjudged to have been ended and no longer of binding force and effect, and that the legal as well as the equitable title to so much of the real estate affected by the declaration of trust which has not heretofore been sold and conveyed by the several trustees, is hereby declared and adjudged to be vested in the plaintiff, Mrs. Mary Lily Dawkins Piegler, freed and discharged of all further trusts."

The trustee was ordered discharged upon his accounting.

His Honor, Judge Johnson, was clearly right in holding that the statute did not execute the use, for the reason stated by him and upon the authorities cited, to which may be added *Boney v. Cornwell,* 121 S. C., 256, 113 S. E., 686, and *Black v. Harman,* 127 S. C., 359; 120 S. E., 705.

If the statute did not execute the use, the trust was active, with certain defined duties to be performed by the trustee. It was not within the power of the court, in the action brought by Mrs. Piegler against the trustee, by a consent decree, after the trustee had raised the very pertinent objection stated above to completely annihilate the trust, discharge the trustee, and vest the fee-simple title in Mrs. Piegler, where the declaration of trust clearly shows it was never intended to be. The decree of Judge Sease was therefore *coram non judice,* and void. *Mauldin v. Mauldin,* 101 S. C., 1; 85 S. E., 60. *Cagle v. Schaefer,* 115 S. C., 35; 104 S. E., 321. *Gaines v. Sullivan,* 117 S. C., 475; 109 S. E., 276.

Assuming, however, that the decree of Judge Sease is *res adjudicata* it is only so between the parties to that proceeding, the trustee and the *cestui que trust;* and the question remains, the substantial point in the controversy, whether or not Mrs. Piegler can convey to her purchaser a marketable title in fee simple against all persons who might hereafter set up a claim to the property. Such persons, of course, would not be bound by the decree of Judge Sease vesting the fee-simple title in Mrs. Piegler. So that, as to them the matter must be considered as if that decree had never been signed. What, then, is the situation? Mrs. Piegler never had the fee-simple title to the property; she had only an equitable life estate with the power of appointing by will the persons who were to take the fee-simple title. If she should fail to exercise this power of appointment her interest would terminate with her death. *Rubey v. Barnett,* 12 Mo., 3; 49 Am. Dec. 112.

*Johnson v. Cushing,* 15 N. H., 298; 41 Am. Dec. 694. *Graham v. Whitridge,* 99 Md., 248; 57 Atl. 609; 58 Atl., 36; 66 L. R. A., 408. *Pulliam v. Byrd,* 2 Strob. Eq., 134. *Scott v. Burt,* 9 Rich. Eq., 358. *Aaron v. Beck,* 9 Rich. Eq., 411. *Wilson v. Gains,* 9 Rich. Eq., 420. *Smith v. Hilliard,* 3 Strob. Eq., 211. *Boyd v. Satterwhite,* 10 S. C., 45. *Withers v. Jenkins,* 14 S. C., 597. *Blount v. Walker,* 31 S. C., 14; 9 S. E., 804. *Sires v. Sires,* 43 S. C., 266; 21 S. E., 115. *Humphrey v. Campbell,* 59 S. C., 39; 37 S. E., 26

What, then, would become of the fee-simple title in the event that Mrs. Piegler should die without having exercised the power of appointment? The foregoing cases hold that it would revert as intestate property, in the absence of other disposition by the instrument, to the estate of the donor. But in this case there is no donor; the land was purchased with the funds of Miss Charlotte Poulton and Mrs. Piegler; the declaration of trust so states; hence, upon the failure of Mrs. Piegler to exercise the power of appointment, the title would revert to the trustee as a resulting trust for the benefit of the heirs of those whose funds were invested, Miss Poulton and Mrs. Piegler. The latter's deed would of course conclude her heirs, but in that event the purchaser would become a tenant in common with the heirs of Miss Poulton, who were not parties to the former proceeding and not bound by it.

But if Mrs. Piegler, after having made the deed to the present purchaser, should exercise the power of appointment in favor of others, upon what principle could they be held estopped by her deed, when she did not have the fee-simple title or the right to convey the property by deed?

"It is well settled that where the instrument creating a power specifies the nature of the instrument by which it may be executed, as where it is to be executed by will, or by deed, the power can be exercised only in the manner

specified." 21. R. C. L., 793. *Dumas v. Carroll,* 112 S. C., 284; 99 S. E., 801.

And if she should exercise the power of appointment by designating this lot to the purchaser, what assurance would the purchaser have that the will may not be changed? Whether or not she could make a binding contract by which she would designate the purchaser as the devisee of the lot is a question not before the court.

Another matter: The declaration of trust provides that, if Mrs. Piegler should fail to exercise the power of appointment, the disposition of the property should be subject to the will of Mrs. Dawkins, the widow. Whether she died testate or intestate has not been made to appear on the record.

With reluctance, but without doubt, we are constrained to hold that Mrs. Piegler, under the circumstances, cannot tender a marketable title to the purchaser.

The judgment of this court is that the decree of the circuit court be reversed, and that the complaint be dismissed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.