Leland Windsor et al., Appellants, v. Margaret C. Barnett
et al., Appellees; Mary Louise Leggett, Intervener
and Appellant.

**TRUSTS:** Construction and Operation—Nontermination by Benefi-
1     ciaries. The beneficiaries of a testamentary trust may not, by mutual
agreement, even though approved and confirmed by the court, ter-
minate the trust and accelerate the final vesting of the corpus of
the trust, when the testator has clearly demonstrated a contrary
intent.

**WILLS:** Estates in Trust—Renunciation of Trust by Wife—Effect. A
2     testamentary trust embracing all of testator's property, and for
the benefit of the testator's wife and other named beneficiaries in
named proportions, is not terminated by the renunciation of the
will by the wife. The trust will proceed as to two thirds of the
property, for the benefit of the remaining beneficiaries.

**PLEADING:** Allegations in General—Conclusion Allegation as to
3     Representative Capacity. An allegation that plaintiffs are the duly
and legally appointed and qualified trustees of a named trust estate
is an all-sufficient allegation of representative capacity.

**TRUSTS:** Construction—Absence of Necessary Parties. The court
4     will not construe a testamentary trust in the absence of necessary
parties.

Headnote 1: 40 Cyc. p. 1813.    Headnote 2: 40 Cyc. p. 1993.    Head-
note 3: 40 Cyc. p. 1355.    Headnote 4: 39 Cyc. p. 319.

*Appeal from Polk District Court.*—Joseph E. Meyer, Judge.

February 16, 1926.

Rehearing Denied May 14, 1926.

Suit to vacate order construing will and setting off dower,
and to establish and enforce a trust. Motion to dismiss was
sustained. The plaintiffs and intervener appeal.—*Reversed.*

*W. C. Strock, P. H. Cunningham,* and *W. B. Sloan,* for
appellants.

*George Wambach* and *Ine D. Shuttleworth,* for appellee
Margaret C. Barnett.

*F. L. Groesbeck,* for appellees Ella B. Morris and Ed. F. Barnett.

MORLING, J.—The controversy turns on the interpretation of the will of L. J. Barnett, deceased. Generally speaking, the questions argued are whether certain bequests are of present or future interests, whether vested or contingent, and whether the widow's election to take distributive share authorized the termination of the trust provided by the will and the acceleration of distribution.

1. TRUSTS: construction and operation: nontermination by beneficiaries.

The will, after directing the payment of debts, provides as follows:

"Item 2. I will and bequeath to my beloved wife, Margaret C. Barnett, a monthly allowance of two hundred fifty dollars to be paid her by my executrices and trustees hereinafter named and said monthly payments to continue until all the debts and the mortgage indebtedness resting against my real estate shall have been fully paid and extinguished and from and after the payment and satisfaction of all the mortgage indebtedness and debts aforesaid, there shall be paid to my beloved wife, Margaret C. Barnett, from my net income, interest and profits derived by my trustees from said estate, an amount equal to 40 per cent of said net income, interest and profits to be paid her during the term of her natural life, and to my sister, Ella B. Morris, of the city of Des Moines, Iowa, an amount equal to 20 per cent, but in case of her death her share shall go to the heirs of her body and to my brother Ed. F. Barnett, of the city of Des Moines, Iowa, an amount equal to 20 per cent, but in case of his death, his share shall go to the heirs of his body, which shall be paid them annually and at such times as my trustees shall deem best and from funds on hand available until the death of my beloved wife, Margaret C. Barnett, and upon her death the rest, residue and remainder of my said estate shall be divided as follows:

"One third shall go to the heirs of my said wife, Margaret C. Barnett, or to such persons as she may designate during her lifetime by will or otherwise.

"One third shall go to my sister, Ella B. Morris, and the heirs of her body, and,

"One third shall go to Ed. F. Barnett, and the heirs of his body."

Item 3 provides:

"I hereby appoint my wife, Margaret C. Barnett, and my sister, Ella B. Morris, to act as trustees of my estate and hereby empower them to take charge and control, the same until the death of my wife; to invest and reinvest all moneys that may not be needed for making improvements or paying the allowances, in good interest-bearing securities, but to use and appropriate the funds first in the payment and extinguishment of such mortgage indebtedness as can be paid off out of the funds available for that purpose; to make such improvements upon said real estate and to make sales of such part of my real estate as to them shall be deemed to the best interest of my estate and to lease some of the real estate on long terms when they deem advisable and on making such leases they are to join with the lessees in any mortgage that may be required in order to facilitate the improvements. * * * Such trustees shall act without compensation and shall not be required to give bonds * * * In case of death of any one of said trustees, the court shall appoint some suitable person but such trustee so appointed shall give bond * * * said trustees shall also have the power to do and perform all things necessary in keeping said estate together * * * to enter into such agreements and execute such deeds conveying any property that they may deem necessary to be sold; * * * to invest and reinvest the funds in interest-bearing securities, and in the performance of their duties the order of the court shall not be required."

The next and last item appoints the wife and the sister as executrices, without bond.

The widow renounced her right to take under the will, and elected to take distributive share. She made application for admeasurement, accompanied by an agreement made between her and the brother and sister. This agreement was made by the three only, and was to the effect that there be set off to the widow certain personal property and certain described real property, some of which was stated to be subject to a mortgage

which the widow should pay. The agreement provided that all of the remainder of the real and personal property should go to. Ella B. Morris and Ed. F. Barnett, as their absolute property, subject to such mortgages as were upon it, which should be assumed by them. It was also agreed that, by reason of the widow's election, the provisions of the will could not be carried out, and that the will should "be submitted to the court for construction, in order to determine the effect of such renunciation upon the vested remainder," and, if the court should find that "the vested remainder" in the brother and sister became thereby accelerated, an order should be made to vest the entire remainder of the real and personal property in them, subject to mortgages which they were to assume. Shortly after the date of this agreement, an order was made showing the appearance only of the three beneficiaries named, and that "Margaret C. Barnett and Ella B. Morris, the executrices and trustees, have all been notified of the pendency of this application * * * and waived time for hearing and consented that said application * * * be brought on for hearing on any day during the September term, 1924." The order in substance recited and gave effect to the proceedings and agreement which have been related, setting off in fee to the widow the property agreed upon, subject to the mortgage indebtedness which she assumed, and vested the balance of the estate in the brother and sister. The executrices were directed to make transfer accordingly.

Shortly afterward, this petition was filed by "Leland Windsor and E. H. Mullock, trustees of the estate of L. J. Barnett, deceased," against Margaret C. Barnett, Ella B. Morris, and Ed. F. Barnett. The petition alleges that plaintiffs are the duly and legally appointed and qualified trustees of the estate of L. J. Barnett, deceased. It sets up the will and the proceedings which have been related, and alleges that the will creates a trust estate; that Ella B. Morris and Ed. F. Barnett each have children, who, "together with other persons contingent upon their coming into being, have or may have a residuary interest as contingent remaindermen" in the estate. It alleges that neither said children nor grandchildren were served with notice, or appeared; that the division was in violation of the trust; that Margaret C. Barnett and Ella B. Morris were never appointed

or acted as trustees; and "that no person or persons were ever appointed as trustees of the trust created under the will of L. J. Barnett, deceased." The prayer is to vacate the order, to decree the widow and brother and sister to be constructively trustees of all of the property of the estate, to interpret the will, and to require a surrender of the assets.

Mary Louise Leggett intervened, alleging that she is the daughter of Ella B. Morris, and as such, interested. She alleges that the order attacked was made in a perfunctory manner, without examination, and as matter of course; that it is void for lack of jurisdiction. She sets up the same claims as those in the petition, and joins in asking relief.

The defendants moved to dismiss the petition and the petition of intervener, upon grounds which will be considered, without particularly setting them out. This motion was sustained.

I. Did the widow's renunciation of the provisions of the will in her favor and her election to take her third have the same effect as would her death, to terminate the trust and accelerate the interests of the beneficiaries?

The trustees are empowered to take charge and control of the estate, invest and reinvest, pay mortgages, make improvements, make long-time leases and sales, and join with the long-time lessees in making mortgages to facilitate improvements. They are empowered to do all things necessary in keeping the estate together, and to convey any property that they may deem necessary to be sold. Income distribution is to be made, not only for the benefit of the wife, but, when net income is realized, the sister and the brother or the heirs of their bodies are to participate, 20 per cent each to the brother and sister (or bodily heirs), and 20 per cent to accumulate. By the language of the will, division is to be made upon the widow's death. The division is to be of the entire trust estate as it is now constituted,—two thirds of the original estate. By the language of the will, division is to be made upon the widow's death, and upon that event, one third is to go to the sister and one third to the brother and the heirs of their respective bodies. The will by its terms does not contemplate the enjoyment by the brother and the sister, during the widow's lifetime, of any part of the estate except their respective 20 per cent shares of the net income.

All dominion over the property during the widow's lifetime is (though not by express words of gift) in the trustees. The testator does not state his reasons for making this postponement. He may not have contemplated the widow's renunciation of the will; but we cannot assume that he was inadvertent to that contingency, or that, if he had thought about it, he would have made a different provision. He had the right to determine for himself when the objects of his bounty should enter upon its full enjoyment. It is not for the court to conjecture his purpose or to rewrite the will. An active trust is created for the benefit, not only of the widow, but of the brother and sister. Possibly, as will be noted, the children and grandchildren of the brother and sister, and the mortgagees, may be interested in the trust. It is not necessary to the creation of a testamentary trust that there be express words of gift to the trustees. The trustees will take such title as is necessary to carry out the purpose of the trust. *Sherlock v. Thompson,* 167 Iowa 1; *In re Estate of Walden,* 190 Iowa 567, 574; *Tobias v. Ketchum,* 32 N. Y. 319. As there are other beneficiaries, the beneficial interests of the trustees do not militate against the effectiveness of the trust, or operate as a merger. Idem. The election of the widow removed a part of the property from the trust estate. It did not remove it all, for an important (or greater) part still remained. The trust was rendered ineffective only so far as it affected the widow. It remained in force as to the other beneficiaries. *Reighard's Estate,* 283 Pa. St. 140 (128 Atl. 847), 253 Pa. St. 43 (97 Atl. 1044); *Estate of Portuondo,* 185 Pa. St. 472 (39 Atl. 1105). We are of the opinion that the widow, brother, and sister could not, by agreement, nor could the court, by decree founded upon such agreement, terminate the trust during the lifetime of the widow. Idem; *Olsen v. Youngerman,* 136 Iowa 404; *In re Estate of Rawlings,* 81 Iowa 701; *Shelton v. King,* 229 U. S. 90; *Closset v. Burtchaell,* 112 Ore. 585 (230 Pac. 554); *Steele v. Smith,* 84 S. C. 464 (66 S. E. 200); *Sears v. Choate,* 146 Mass. 395 (15 N. E. 786); *Cuthbert v. Chauvet,* 136 N. Y. 326 (32 N. E. 1088); *Mauldin v. Mauldin,* 101 S. C. 1 (85 S. E. 60); *Piegler v. Jefferies* (S. C.), 121 S. E. 783. We are of the opinion that *Rench v. Rench,* 184 Iowa 1372, and

*2. WILLS: estates in trust: renunciation of trust by wife: effect.*

*Everett v. Croskrey,* 92 Iowa 333, are not applicable to the facts of this case. This is not one where the destruction of a life estate·accelerates the remainder.

II. It is urged that the court appointing plaintiffs as trustees had no jurisdiction to do so. An amendment to the peti- .tion alleges that Margaret C. Barnett and Ella B. Morris were never appointed trustees, and never qualified or acted in that capacity. The court will not permit the trust to fail for failure of the trustees to accept or act. *Parkhill v. Doggett,* 135 Iowa 113; *In re Estate of Walden,* 190 Iowa 567, 574; *Sherlock v. Thompson,* 167 Iowa 1. The allegation of the petition is that plaintiffs are the duly and legally appointed and qualified trustees of the estate. This meets the requirements of the statute, and cannot be questioned on motion. Code of 1924, Sections 11207, 11208; *Crary v. Kurtz,* 132 Iowa 105, 110.· We express·no opinion as to the procedure necessary or sufficient to constitute the plaintiffs trustees, or whether, on the facts, they are trustees. The facts are not before us.

3. PLEADING: allegations in general: conclusion allegation as to representative capacity.

., III. We must decline to follow counsel in their interesting argument as to whether the gift of the remainder to the brother and sister is vested or contingent, or as to the effect of the words "heirs of·her body," or as to whether thereby such heirs take a contingent remainder. Only one·of the children of the brother and the sister is in court, and she by petition of intervention. We ought not, without the presence of those so vitally interested, to make a .determination which, even though not binding upon them as *res adjudicata,* might still be used as a precedent prejudicial to their interests. If the object of the suit is to determine the merchantability of a title, the controversy or the parties to such controversy are not before us. The will may have the effect of making mortgages given by trustees, if any, a charge upon the entire estate.· *Innis v. Flint,* ·106 Minn. 343 (119 N. W. 48). Under these circumstances, the court should, of its own motion, refuse to make ·a determination without the presence of all the parties interested, or at least of sufficient parties to represent .all who· may· be interested. *Parkhill v. Doggett,* 135 Iowa 113; : Code of 1924, Section 10981; *Steele v. Crute,* 208.Ala. 2 ·(93 So.

4. TRUSTS: construction: absence of necessary parties.

694); *Manufacturers L. & H. Co. v. Lemasters*, 91 W. Va. 1 (112 S. E. 201); *Bright v. Channels*, 92 W. Va. 93 (114 S. E. 513); *Walsh v. DeCoto*, 49 Cal. App. 737 (194 Pac. 298); 30 Cyc. 141. As to parties by representation, see *Buchan v. German Am. L. Co.*, 180 Iowa 911.

. .    IV. It is not contended that the widow's distributive share might be set off with consent of only a part of those interested, or in proceedings to which only some of them are parties. Code of 1924, Sections 11994, 11995; 19 Corpus Juris 551. On the record before us, the agreement for present division of the estate and the setting off of the widow's share and the order of the court interpreting the will and affirming the agreement cannot be sustained. The motion to dismiss should have been overruled.—*Reversed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.