ANDREW STRAUB, Appellant, v. BOARD OF SUPERVISORS of Carroll County, et al., Appellees.

No. 43800.

JUNE 15, 1937.

Helmer & Minnich, for appellant.

Jacobs & McCaulley and F. H. Cooney, for appellees.

RICHARDS, C. J.—Sometime in 1919 the boards of supervisors of Carroll and Sac Counties attempted to establish an intercounty or joint drainage district, a portion of the ditch to be in each county. What appeared to be two contracts for the construction of the ditch were entered into and pursuant thereto a ditch was dug. Purported assessments for benefits were levied against the lands in the district, and the greater part of the land owners either paid their assessments or signed waivers to procure an extension of time of payment. From these assessments the contractors received a very large portion of the amounts agreed in the contract to be paid them. At about this stage of the proceedings one S. A. Hoyt brought an action in which he sought to

have the assessment against his land vacated on the ground that the proceedings were entirely void. In another action he contended that one of the contracts was invalid on account of the manner of the letting. The cases were consolidated and tried in the district court. On October 24, 1922, that court filed a written opinion sustaining plaintiff's contentions in both cases. On March 7, 1923, decrees were entered in the two cases adjudging that the drainage district was never legally established and that one of the contracts was void as contended by Hoyt. Upon appeal to this court there was an affirmance. The opinion is found in Hoyt v. Board of Supervisors, 199 Iowa 345, 202 N. W. 98. One of the purported contracts was with the Cement Products Company for the materials, and the other was with one Schuyler for the doing of the work. Seven days after the entry of the decree by the district court the two boards of supervisors and the two contractors entered into a written contract that each contractor was to accept warrants from the purported drainage district in a stated aggregate amount and that any balance due should not be collected against the district unless in the future a valid assessment could be made against the Hoyt land. The contract also contained the agreement of the boards of supervisors "on behalf of all the property owners other than the said S. A. Hoyt or heirs, to approve the final report of the engineer in charge of said improvement that the same has been completed," and to authorize the auditors of the two counties to issue warrants to each of the contractors in stated amounts aggregating the amounts in warrants each contractor was agreeing to accept. Drainage fund warrants were accordingly issued to both contractors by each county auditor upon the treasurer of his county. The Sac County warrants were paid in full and there remains in the hands of the treasurer of that county, of the assessments paid in by Sac County property owners, the sum of $2,426.29. Of those issued by the auditor of Carroll County to Schuyler there remains unpaid one warrant for one thousand dollars, as assignee of which plaintiff brought this suit. There also remain unpaid warrants issued by the auditor of Carroll County to Cement Products Company in the sum of $8,273.27, and the assessments paid by Carroll County landowners are exhausted.

Plaintiff brought this action in equity against the boards of supervisors and the auditors and treasurers of the two counties, as the only parties defendant, and seeks a decree establishing

"the amount due the plaintiff on said warrant in the sum of $1000 with compound interest thereon at 6% from March 19, 1923," against the $2,426.29 in the hands of the treasurer of Sac County. The cause was tried, and the district court found against plaintiff, dismissing his petition. Plaintiff has appealed.

By reason of the adjudication in the Hoyt case, plaintiff states that his suit is not based on the warrant, and that, because the district was never established, no claim is made that the joint drainage district or any of the lands in the district are liable for the payment of the warrant. The thing that plaintiff does claim is that there is in the hands of the treasurer of Sac County the sum of $2,426.29 that was raised by special assessment to pay for the construction of the ditch, and that the ditch was constructed, and that the warrant in plaintiff's hands represents a portion of the construction costs thereof, and that the fund of $2,426.29 should in equity be applied to this unpaid cost of construction which plaintiff as holder of the warrant now claims to own. Plaintiff in argument urges that the $2,426.29 constitutes a trust fund pledged to the payment of the debts incurred in the constructing of the ditch.

In view of plaintiff's trust fund theory and the manner in which he proceeded, there was such want of parties necessary to an adjudication that the district court properly dismissed the petition. Parties necessary to an action for distribution of these funds, if they were trust funds, included the holders of the $8,273.27 of outstanding warrants that have been mentioned, issued in the same manner as plaintiff's warrant, and pursuant to an agreement made by plaintiff's assignor that they should be so issued. If, as plaintiff claims, there was a trust fund that should in equity be applied to the unpaid costs of the construction of the ditch then evidently the other holders of outstanding warrants were on a parity with plaintiff and had an apparently substantial claim to a right to participate with plaintiff. Without determination of the extent of such rights, if any, of the holders of the $8,273.27 of warrants, a court of equity would not impress plaintiff's claim upon the whole of the fund. Nor could it be determined to how large a portion, if any, of such fund plaintiff might be entitled. It also developed in the trial that the land owners who had paid the assessments in Sac County had made a demand for the return to them of the $2,426.29. In the contract, pursuant to which plaintiff's warrant was issued, the boards of

supervisors purported to be acting on behalf of the property owners other than S. A. Hoyt. In the record it is not made to appear that they had authority to function in such representative capacity. The issuance of the warrants depends on the force of the contract. A court of equity might well have refused to determine this controversy on the assumption that it could not be done without prejudice to whatever rights to be heard upon the contract the landowners may have. Windsor v. Barnett, 201 Iowa 1226, 207 N. W. 362; section 10981, Code of 1935. We need not discuss the question whether plaintiff's warrant, issued in the manner described, was in itself competent evidence of the extent, if any, to which plaintiff may have been entitled to participate in the alleged trust fund, nor other questions as to the merits of plaintiff's cause of action. The reasons mentioned are sufficient for the conclusion that the decree of the district court should be affirmed. It is so ordered.—Affirmed.

PARSONS, SAGER, HAMILTON, DONEGAN, STIGER, KINTZINGER, and MITCHELL, JJ., concur.